# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

**SHORT CAPTION:** In Re U Lock Inc.

**USCA NO.:** 23-2293

**LOWER COURT or AGENCY and DOCKET NUMBER:**
2:22-cv-01284 and 2:22-cv-01222

**NAME OF JUDGE:** Hon. Nora Barry Fischer

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

U Lock initiated proceedings against Christine Biros for wilful violations of the automatic bankruptcy. No specific amount of damage was requested, but sanctions were requested along with certain declaratory relief. The bankruptcy court found U Lock had no standing. The district court affirmed.

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

1. TEXT ORDER from bankruptcy court: Order Adversary Case DISMISSED without prejudice. Signed on 8/10/2022. (RE: related document(s): 1 Complaint). Case Ready For Closing on 8/25/2022. (jhel) (Entered: 08/10/2022)

2. Order affirming 6/21/2023

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

Shanni Snyder filed an involuntary bankruptcy petition against U Lock. Despite knowing of the automatic stay, Christine Biros through her counsel proceeded with state court hearings, asked the state judge to find no stay existed, encouraged the judge to make further ruling to "help" Ms. Biros in the bankruptcy case, and then wrote a letter to the judge with copies of all the bankruptcy documents suggesting to him that he was being presented by U Lock and others in a negative light.

Despite the occurrences taking place during the GAP period of the bankruptcy, a period prior to a trustee being appointed, and despite unique harm to U Lock by having to deal with both the state court proceedings in violation of the stay, the bankruptcy court found that only the trustee could raise the issue-- even though U Lock filed not only under 11 USC 362(k), but 11 USC 105.

The district court affirmed stating that it found no reversible error. In addition, the district court found U Lock waived the issue because it suggested the trustee should have brought the action (despite him clearly stating he had no intentions to bring it). In addition, the district court responded to U Lock's argument about the dismissal occurring sua sponte without briefing by stating that it did not ask for more time.

Identify the issues to be raised on appeal:

Whether, considering the Trustee's clear abandonment of the cause of action, and the unique situation where the stay violations occurred during the bankruptcy "gap period," the bankruptcy court erred in finding U Lock maintained no standing to file a complaint under 11 USC 362(k) and 11 USC 105?

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this 23rd day of August, 20 23.

/s/ J Allen Roth Esq

Signature of Counsel

Rev. 07/2015