## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

In re:  U Lock Inc.,            )       23-2293
                               )
       Debtor-Appellant.     )

### INFORMAL BRIEF OR INFORMAL BRIEF FRIEND OF THE COURT

Appellee Shanni Snyder submits this as her informal brief:

In the case below, the bankruptcy court denied Shanni Snyder's motion to intervene as a creditor as to the adversary proceeding alleging clear automatic stay violations. [*]On appeal, U Lock contends that if it is found that it has no standing, it should still be remanded for a creditor to be substituted.

It is noted that the bankruptcy court below denied Shanni Snyder's intervention on the basis that the Trustee in her personal bankruptcy *In re:  Shanni Snyder*, No. 18-21983 (Bankruptcy W.Pa.) needed to sign off and allow the case.  While Shanni Snyder disagreed with this because she believed that both the Trustee in her bankruptcy and herself maintained concurrent standing since the cause of action occurred six months after the 2018 bankruptcy estate was formed, the matter became moot.  This is because the bankruptcy court approved a stipulation

---

[*] The situation in this case is similar to the one found in *In re Atlantic Business and Community Corp.*, 901 F.2d 325 (3d Cir. 1990), holding that a possessory interest in real property is within the ambit of the estate in bankruptcy under Section 541, and thus the protection of the automatic stay of Section 362 applies.

giving Shanni Snyder her standing without dispute relating to claims in the U Lock matter.

Therefore, as creditors can seek damages for automatic stay violations, *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533 (5th Cir. 2009), this Court should remand to reconsider the matter considering the approved Order settling the standing issues with Shanni Snyder's trustee.

Respectfully submitted,

/s/ *Shanni Snyder*

Shanni Snyder
14390 Route 30
Irwin PA  15642

Appellee-Party in Interest
*Friend of the Court*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

|  |  |  |
|---|---|---|
| Shanni Sue Snyder, | ) | Case No.: 18-21983 CMB |
|  | ) |  |
|  | ) | Chapter 7 |
| Debtor. | ) |  |
|  | ) | Document No. 66 |
| Charles O. Zebley, Jr., | ) |  |
|  | ) |  |
| Trustee/Movant, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| Shanni Sue Snyder, | ) |  |
|  | ) |  |
| Debtor/Respondent. | ) |  |

ORDER

**AND NOW**, upon consideration of the *Trustee's Motion to Approve Settlement of the Exemption of Debtor's Assets* (Motion, Doc. No. 66), the Court **ORDERS, ADJUDGES, and DECREES** that the Motion is **GRANTED** to the extent provided herein and subject to the terms of the *Agreed Order Regarding the Trustee's Motion to Approve Settlement of the Exemption of Debtor's Assets* entered on this date providing for the withdrawal of the Response in Opposition (Doc. No. 71) filed by Christine Biros:

1.   The Shanni Sue Snyder bankruptcy estate will receive the first $32,500, payable to Debtor Shanni Sue Snyder as part of any distribution in the U Lock, Inc. bankruptcy at case number 22-20823 GLT.

2.   Debtor has standing to pursue all claims and objections she has against U Lock, and any claims and objections she acquires from the U Lock estate, Trustee Slone and/or U Lock, Including all rights, claims, demands, actions causes of actions, and/or claims for relief including those under Chapter 5 of the Bankruptcy Code and non-bankruptcy law claims that may be asserted by the Trustee, the U Lock estate, or U Lock Inc., with the exceptions of cash held by the Trustee and the estate's possible claim against George Snyder for actions under Sections 546 and 547 of the Bankruptcy. Trustee Zebley will not interfere in the pursuit of any of these claims. Debtor will cooperate fully to enable Trustee Zebley to collect the first $32,500 distributed to Debtor in the U Lock bankruptcy.

3.   Debtor will not exempt any of the $32,500.

4.   Trustee Zebley will pay any surplus to Debtor.

5.   Trustee Zebley abandons all of Debtor's remaining assets, including the Judgment and any amount of the U.S. District Court Judgment entered at 2:21-cv-994 in the United States District Court Western District of Pennsylvania, Snyder v. U Lock, Inc. except for the first $32,500 payable to Debtor in the U Lock bankruptcy.

6.          Trustee Zebley, the Debtor and all parties in interest reserve their right to object to all or any portion of the Claim No. 1 files by John Biros in the amount of $5,158.00 in the Snyder Bankruptcy Case. Debtor Further agrees she will not object to Claim No. 2, Greensburg Central Catholic Junior-Senior High School in the amount of $22,318.00.

7.          The hearing on the Motion on February 22, 2023, is CANCELLED.

BY THE COURT

Dated: February 14, 2023

Carlota M. Bohm
United States Bankruptcy Judge

FILED
2/14/23 4:07 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**COPY MAILED TO:**
Shanni Snyder
14390 US Rt 30
Unit H
North Huntingdon,  PA  15642